IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Reginald L. Smith, | ) | C.A. No. 7:07-817-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Donald L. Heavener, Comeay Patris, | ) | |
| Reliable Insulation Enterprises, Inc., | ) | |
| Volume Tank Transport, Inc., and | ) | |
| John Doe, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Patris Comeau ("Comeau") (incorrectly identified in the complaint as Comeay Patris) and Volume Tank Transport, Inc.'s ("Volume Tank") (collectively "Defendants") motion for summary judgment. For the reasons stated below, the court gives Reginald L. Smith ("Smith") thirty additional days to file a response to the Defendants' motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This declaratory judgment action arises out of the third in a series of three traffic accidents that occurred on Interstate 85 in Spartanburg County, South Carolina, on October 26, 2004. (Defs.' Mem. Supp. Summ. J. 1.) At the time of the accident, Comeau was operating a 2000 International transfer truck owned by Volume Tank. (Id. 1-2.) In his amended complaint, Smith alleges that after coming upon the first of the three accidents, he pulled his car into the emergency lane to offer assistance. (Am. Compl. ¶ 8.) According to Smith, while he was sitting in his parked car reporting the accident to 911, he was struck from behind by either a

1

2004 Ford pickup truck driven by defendant Donald L. Heavener ("Heavener") and owned by defendant Reliable Insulation Enterprises, Inc.; the transfer truck driven by Comeau and owned by Volume Tank; or an unknown vehicle driven by John Doe. (Id.) After this collision, Smith "was then forced into the roadway and struck again by one of Defendants' vehicles." (Id.)

Smith filed his original complaint in the Spartanburg County Court of Common Pleas on January 9, 2007. Comeau, with consent of the other defendants, removed the case to this court on March 26, 2007. After removal, Smith filed an amended complaint adding John Doe as a defendant because all other defendants denied colliding with Smith's vehicle while he was stopped. (Id.) The Defendants filed the instant motion for summary judgment on December 31, 2007. Smith responded on January 11, 2008.

## II. DISCUSSION OF LAW

The Defendants move for summary judgment on the ground that Smith has presented no evidence that Comeau originally collided with his vehicle while it was parked in the emergency lane. (Defs.' Mem. Supp. Summ. J. 3.) While Smith admits that he has no recollection of the incident, two different police officers who witnessed the collisions filled out police reports, one of which indicates some involvement of Comeau in the collisions. (Pl.'s Mem. Opp'n Summ. J. Exs. B & C (Police Reports).)

Smith opposes summary judgment, in part, because discovery is not yet complete. (Id. 4-5.) Specifically, the officers who wrote the police reports regarding the collisions have not yet been deposed and Comeau has not been deposed. (Id.) Rule 56(f) of the Federal Rules of Civil Procedure requires "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 250 n.5 (1986).  In such a case, "the court may . . . order a continuance to enable affidavits to be obtained, or depositions to be taken, . . . or may make such other order as is just."  Fed. R. Civ. P. 56(f).  Because Smith has not yet deposed the two officers who reported the incident or Comeau, the court finds that summary judgment at this time would be premature.  Therefore, Smith has thirty (30) days from the date of this order to file a response to the Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 15, 2008