IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Reginald L. Smith, | ) | C.A. No. 7:07-817-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Donald L. Heavener, Comeay Patris, | ) | |
| Reliable Insulation Enterprises, Inc., | ) | |
| Volume Tank Transport, Inc., and | ) | |
| John Doe, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Patris Comeau ("Comeau") (incorrectly identified in the complaint as Comeay Patris) and Volume Tank Transport, Inc.'s ("Volume Tank") (collectively "Defendants") motion for summary judgment. For the reasons stated below, the court denies the Defendants' motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This declaratory judgment action arises out of the third in a series of three traffic accidents that occurred on Interstate 85 in Spartanburg County, South Carolina, on October 26, 2004. (Defs.' Mem. Supp. Summ. J. 1.) At the time of the accident, Comeau was operating a 2000 International transfer truck owned by Volume Tank. (Id. 1-2.) In his amended complaint, Smith alleges that after coming upon the first of the three accidents, he pulled his car into the emergency lane to offer assistance. (Am. Compl. ¶ 8.) According to Smith, while he was sitting in his parked car reporting the accident to 911, he was struck from behind by either a 2004 Ford pickup truck driven by defendant Donald L. Heavener ("Heavener") and owned by

defendant Reliable Insulation Enterprises, Inc.; the transfer truck driven by Comeau and owned by Volume Tank; or an unknown vehicle driven by defendant John Doe. (Id.) After this collision, Smith "was then forced into the roadway and struck again by one of Defendants' vehicles." (Id.)

Smith filed his original complaint in the Spartanburg County Court of Common Pleas on January 9, 2007. Comeau, with consent of the other Defendants, removed the case to this court on March 26, 2007. After removal, Smith filed an amended complaint adding John Doe as a defendant because all other defendants denied colliding with Smith's vehicle while he was stopped. (Id.) The Defendants filed the instant motion for summary judgment on December 31, 2007. Smith responded on January 11, 2008, requesting additional time to conduct discovery before responding to the Defendants' motion. In a January 15, 2008, order, the court gave Smith thirty additional days to file a response to the Defendants' motion for summary judgment. Smith moved for additional time on February 14, 2008, which the court granted, and on February 28, 2008, Smith filed his amended response to the Defendants' motion.

## II. DISCUSSION OF LAW

### A. Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F.Supp. 2d 596, 604 (D. Md. 1998).

### B. Comeau's Negligence

The Defendants move for summary judgment on the ground that Smith has presented no evidence that Comeau originally collided with his vehicle while it was parked in the emergency lane. (Defs.' Mem. Supp. Summ. J. 3.) In addition, the Defendants assert that there is no evidence that Comeau acted negligently with regard to the accident. (Id. 6.) However, while Smith admits that he has no recollection of the incident, two different police officers who witnessed the collisions filled out police reports, one of which indicates some involvement of Comeau in the collisions. (Pl.'s Am. Mem. Opp'n Summ. J. Exs. C & D (Police Reports).) In

addition, Comeau admits that his truck struck Smith's vehicle.  (Id. Ex. B (Comeau Dep. 39).) Further, Comeau has presented conflicting accounts of how far away he was from the initial accident scene when he first noticed it, which could give rise to a reasonable inference that he could have slowed or stopped in order to avoid the collision with Smith's vehicle.  (Id. Ex. B (Comeau Dep. 32-33).)  Therefore, drawing all justifiable inferences in Smith's favor, material issues of fact remain regarding whether Comeau's negligence contributed to Smith's injuries. Based on the foregoing, the Defendants' motion for summary judgment is denied.

It is therefore

**ORDERED** that the Defendants' motion, docket number 26, is denied.

**IT IS SO ORDERED.**

                                                           s/Henry M. Herlong, Jr.
                                                          United States District Judge

Greenville, South Carolina
March 11, 2008