IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Reginald L. Smith, | ) | C.A. No. 7:07-817-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Donald L. Heavener, Comeay Patris, | ) | |
| Reliable Insulation Enterprises, Inc., | ) | |
| Volume Tank Transport, Inc., and | ) | |
| John Doe, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Patris Comeau ("Comeau") (incorrectly identified in the complaint as Comeay Patris) and Volume Tank Transport, Inc.'s ("Volume Tank") (collectively "Defendants") motion for reconsideration which the court construes as pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the court denies the Defendants' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This declaratory judgment action arises out of a series of traffic accidents that occurred on Interstate 85 in Spartanburg County, South Carolina, on October 26, 2004. (Defs.' Mem. Supp. Summ. J. 1.) At the time of the accident, Comeau was operating a 2000 International transfer truck owned by Volume Tank. (Id. 1-2.) In his amended complaint, Reginald Smith ("Smith") alleges that after coming upon an accident, he pulled his vehicle into the emergency lane to offer assistance. (Am. Compl. ¶ 8.) According to Smith, while he was sitting in his parked vehicle reporting the accident to 911, he was struck from behind by either a 2004 Ford pickup truck driven by defendant Donald L. Heavener ("Heavener") and owned by defendant Reliable

Insulation Enterprises, Inc.; the transfer truck driven by Comeau and owned by Volume Tank; or an unknown vehicle driven by defendant John Doe. (Id.)

Smith filed his original complaint in the Spartanburg County Court of Common Pleas on January 9, 2007. Comeau, with consent of the other Defendants, removed the case to this court on March 26, 2007. After removal, Smith filed an amended complaint adding John Doe as a defendant because all other defendants denied colliding with Smith's vehicle while he was stopped. (Id.) The Defendants filed the instant motion for summary judgment on December 31, 2007. Smith responded on January 11, 2008, requesting additional time to conduct discovery before responding to the Defendants' motion. In a January 15, 2008, order, the court gave Smith thirty additional days to file a response to the Defendants' motion for summary judgment. Smith moved for additional time on February 14, 2008, which the court granted, and on February 28, 2008, Smith filed his amended response to the Defendants' motion.

On March 11, 2008, the court denied the Defendants' motion for summary judgment. The Defendants filed the instant motion for consideration on March 18, 2008.

## II. Discussion of Law

The "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). Further, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514.

First, the Defendants move for reconsideration on the ground that the only evidence is that Comeau struck Smith's vehicle after it had already been struck by another vehicle and that Smith's amended complaint does not allege damages resulting from the second collision. (Defs.' Mot. Recons. 2.)  However, in the United States District Court, the plaintiff must make only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2).  In his complaint, Smith states that while he was stopped on the side of the road he was struck from behind by Heavener, Comeau, or an unknown driver. (Am. Compl. ¶ 8.)  The language of the amended complaint does not indicate that Smith intended to limit his claim solely to the first defendant to strike him.  Evidence that two vehicles struck Smith's vehicle and that another vehicle struck Smith's vehicle immediately before Comeau struck his vehicle does not entitle the Defendants to summary judgment.  Therefore, this argument is without merit.

Second, the Defendants move for reconsideration on the ground that there is no evidence that Comeau acted negligently. (Defs.' Mot. Recons. 2-3.)  However, it is undisputed that Comeau struck Smith's vehicle, and it is a disputed fact as to whether or not his negligence resulted in the collision.  Therefore, summary judgment is not warranted on this ground.  Based on the foregoing, the Defendants' motion for reconsideration is denied.

It is therefore

**ORDERED** that the Defendants' motion for reconsideration, docket number 54, is denied.

**IT IS SO ORDERED.**

                                             s/Henry M. Herlong, Jr.
                                             United States District Judge

Greenville, South Carolina
April 10, 2008